**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

KENNETH WAYNE LEWIS,

     Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

     Defendants.

Civil Action
No. 19-20490 (RBK) (KMW)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

     Plaintiff, a federal prisoner, is proceeding *pro se* with a Complaint. For the reasons stated in this Opinion, the Court will dismiss with prejudice the claims against the State of New Jersey as well as Plaintiff's Privacy Act claims against all Defendants. The Court will dismiss the remainder of the Complaint without prejudice, for failure to state a claim. If Plaintiff believes he can amend his Complaint to otherwise state a claim, he may file a motion to amend along with a proposed amended complaint.

## I.     BACKGROUND

     The Court will construe the limited factual allegations of the Complaint as true for the purpose of this Opinion. Plaintiff names the State of New Jersey, Governor Phil Murphy, Attorney General Gurbir S. Grewal, Lieutenant Governor Sheila Y. Oliver, Executive Director of the Board of Medical Examiners, William V. Roeder, and Acting Director of the Board of Medical Examiners, Paul Rodriguez, as Defendants in this case.

     The Court gleans from the rambling and disjointed allegations, that Plaintiff is dissatisfied with the handling of his medical information and some part of his incarceration. Plaintiff's

pleading is nearly incomprehensible, consisting primarily of unfocused, grammatically incoherent allegations, and at times, what appear to be random collections of legal words and phrases.

For example, Plaintiff states, "this is not a motion," "this is not a petition," "this is not a complaint," but rather, a "responsive pleading" and "commercial affidavit" under the Uniform Commercial Code. (ECF No. 1, at 1–3).

With regard to his medical records, Plaintiff appears to be referring to a medication, Bumex, and water pills. Plaintiff alleges that he was entitled to those items, but that Fort Dix staff, or an outside hospital, never provided those items. Plaintiff does not, however, name any Fort Dix employees as defendants in this matter, or explain exactly how the lack of those items caused him harm. Rather, Plaintiff appears to focus on the inaccuracy of the records, which are not before the Court. (*See* ECF No. 1, at 3 ("Files <u>and</u> Records must be maintained accurately at all times > no exceptions!")).

The remainder of the Complaint peppers terms such as kidnapping, false imprisonment, commitment, speedy trial, due process, the Fourteenth Amendment, and yet also states that "this is no challenge to any conviction or any sentence." (ECF No. 1, at 5). Like his medical records, Plaintiff appears to take issue with the State of New Jersey's record keeping, alleging "inaccurate files and records – concealing his false imprisonments the State Attorney General Grewal > remained silent," then when "the Governor Phil Murphy was asked under the 14th Amendment – due process – for assistance in collateral review of K.W. Lewis's files and records – under the Privacy Act > he remained silent." (ECF No. 1, at 3). According to Plaintiff, there is "a chain conspiracy of negligent offenses . . . based specifically on violation of the 14th amendment." (*Id.* at 4).

Plaintiff filed the instant Complaint in September of 2019, alleging, among other things, claims under the Privacy Act. Plaintiff seeks many billions of dollars in damages.

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege a "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

## III.    DISCUSSION

With the principles above in mind, the Court finds that the Complaint fails to comply with Federal Rule of Civil Procedure 8. As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Plaintiff does mention the Privacy Act, the Complaint fails to simply or directly allege what his claims are against each Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims. Generally, the Complaint contains incoherent factual allegations and a collection of "bare conclusions [against the Defendants]. . . which are insufficient as a matter of law to state a claim for relief." *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).

That said, even construing the Complaint under the Privacy Act, the claims against the Defendants are facially meritless. The Privacy Act reads in relevant part:

> (g)(1) Civil Remedies.—Whenever any *agency*
>
>> (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
>>
>> (B) refuses to comply with an individual request under subsection (d)(1) of this section;
>>
>> (C) fails to maintain any record concerning any individual with such accuracy. . . and consequently a determination is made which is adverse to the individual; or
>>
>> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552(a)(g)(1) (emphasis added).

Under the Privacy Act, an agency "'includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . or any independent regulatory agency.'" *Banda v. Camden Cty. Bd. of Chosen Freeholders*, No. 17-5475, 2009 WL 1561442, at *2 (D.N.J. May 29, 2009) (quoting 5 U.S.C. § 552(f)(1)).

The Privacy Act "authorizes suit against federal agencies only and not individual employees of an agency." *See, e.g.*, *Lewis v. Bureau of Prisons*, No. 17-5475, 2018 WL 6046721, at *4 (D.N.J. Nov. 19, 2018) (citing *Kates v. King*, 487 F. App'x 704, 706 (3d Cir. 2012)("The Act does not authorize suit against individual employees of an agency.")). In other words, the Privacy Act does "not compel state or local agencies to maintain, or produce, records." *See, e.g.*, *Kennedy*

*v. Equifax, Inc.*, No. 18-214, 2019 WL 1382649, at *4 (E.D. Pa. Mar. 27, 2019); *Walker v. Court of Common Pleas of Monroe Cty.*, No. 12-2206, 2013 WL 4647485, at *8 (M.D. Pa. Aug. 29, 2013). As none of the Defendants are federal agencies, the Court will dismiss with prejudice all of Plaintiff's Privacy Act claims.

Additionally, as to the claims against the State of New Jersey, the Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Our jurisprudence has held "that a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Stated differently, the Eleventh Amendment protects states, their agencies, and departments from suit in federal court regardless of the type of relief sought. *See, e.g.*, *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009). Consequently, the Court will dismiss with prejudice Plaintiff's claims against the State of New Jersey.

Finally, to the extent Plaintiff attempts to state any other type of claim, the Complaint in its current form simply "would not provide any meaningful opportunity for [the Defendants] to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555. Accordingly, the Court will dismiss without prejudice the remainder of the Complaint under Rule 8 and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV.    CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice all of Plaintiff's Privacy Act claims against the Defendants and all claims against the State of New Jersey. The

Court will dismiss the remainder of the Complaint without prejudice.  If Plaintiff believes he can assert facts to otherwise state a claim, Plaintiff may file a motion to amend along with a proposed amended complaint.  An appropriate Order follows.


Dated:  March  23,  2020                                        s/Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                          United States District Judge